FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

2007 SEP 28 PM 3:55

Laura Thacker,
And Anonymous Users
And other Library Patrons affected
And Citizens of Hillsborough County (taxpayers)

Civil Action No.:

8:07-cv-01778-7-24MSS

Plaintiffs,

V

Hillsborough County Public Library Cooperative
And Hillsborough County Library
Hillsborough County Library Board
900 N. Ashley Drive
Tampa, FL 33602-3788

Defendants,

**EMERGENCY PLEA/COMPLAINT FOR INJUNCTIVE RELIEF**

Comes the Plaintiff (s) to state that the Hillsborough County Public Library Cooperative (hereinafter referred to as HCPLC) and the Hillsborough County Library Board (hereinafter referred to as HCLB) have or intend to violate the Civil Rights of the Citizens of Hillsborough County, the civil rights of the users of the HCPLC, and those same rights of anonymous patrons of the HCPLC and other Library Patrons.
The proposed actions or 'rule changes' also will be in direct violation of the Constitutional protection of Anonymous Speech and the First Amendment which guarantees the right of assembly, free speech and other rights that Tampa residents should expect in the course of being American citizens.

On August 7, 2007 a Hillsborough County Public Library employee informed plaintiffs that Joe Stines (via the HCLB) intended to limit DAILY usage of the Library's public Internet (and other) access in the following manner:

I.  *(First it should be understood that this INSIDER information was provided conversationally, informatively and journalistically to a local blogger. The sources for this information EACH firmly stated that Joe Stines, head librarian, fostered and insisted on an atmosphere of silence among 'his' library employees. The library employees and pages and aides are NOT FREE to speak their minds or to discuss library activities or business with the public or amongst themselves. Given the fact that the library is a publicly*

John and Jane Does v. Thacker et al    Doc. 1

IFP

*funded institution it seems that this is highly restrictive and illegal to force this silence. )*

**Proposed Changes to wit:**

a. Limit of two and one half hours of daily "PUBLIC" computer use system-wide throughout the Hillsborough County library system.
b. Require identification from each patron who needs to access the Internet replacing the past system whereby a patron could get a slip of paper from a Librarian to access the library system
c. Strictly enforce identification requirements for use of the computers.
d. Various limitations on books, movies, cds, and other educational material as to reserving materials, placing materials on hold, checking materials out.

Several reasons were given for these planned actions, which included:
a. Preventing patrons from 'living' at the library
b. Alleviating parking problems cited at the various branches in Hillsborough County
c. Bandwidth access
d. Fair Access for Hillsborough County Citizens to the Public Computers
e. Saving money in face of the 'tax cuts'

Still others were provided by phone:
   a. Alleged complaints that library patrons could "never" access a public computer
   b. Alleged new bandwidth deal

While on the surface the above seem like harmless antidotes to a perceived or stated or alleged problem; in reality these measures are enacted at least partly in a mean-spirited effort to remove the homeless and the less than wealthy from the libraries.
   Also, this is extremely unfair to every adult, student and child in Hillsborough County who presently has a 'safe place' to spend time if they are unwilling to be 'out in the streets'.
 For every person seeking an education or in need of research time while writing a book or even filling out a food-stamp application, the proposed time limit is wholly inadequate; especially considering that the computer would just be sitting unused, meanwhile.
Pamphlets exist in every library pertaining to filing food stamp applications yet not enough time will be allotted to do so with these proposed changes.
Home schooling is mentioned and pamphlets are available in every library yet not enough computer time is going to be slated to effectively allow for educational purposes.

In short, there exists a percentage of the TAX PAYING population who rely on the public library and the computers and other materials, which are bought with taxpayers'

dollars, and these are exactly the people which this 'rule change' will bar from seeking education and completing research.

As well, a current reservation system exists whereby a patron knows exactly WHEN a computer is next available. In over 5000 uses of this system, plaintiff has never waited longer than fifteen minutes so looks askance upon the alleged complaints about no computer access.

**Of the above reasons cited by library employees in personal, email and phone conversations, none of them has any validity based in reality.**

**Several employees related this information in the spirit of 'are you BELIEVING this????'**

The recent history of the HCPLC and Joe Stines and the spirit of performance towards public access to the Internet will display that these specific 'new rules' are a clear violation of the Constitutionally Provisioned First Amendment protected right to anonymous speech. *(HCSO vs LeoAffairs.com or John and Jane Doe, deputy).*

Additionally, the reasons plied for these proposed rule changes have no basis in reality and Plaintiff will prove that the history clearly reveals that the HCPLC intends to circumvent the citizens' right to use publicly-held facilities and equipment when same is openly available.

Also, this latest 'decree' from the Library Board was implemented because the HCPLC's previous efforts to shut down free speech were met with resistance by anonymous Tampa bloggers, other local Tampa bloggers and other citizens of Hillsborough County FL.

As soon as the 'current new set of rules' is in place, it is expected that the HCPLC will roll out the bandwidth excuse to limit access for laptop users.
There have already been several incidents when Plaintiff was the only person in the library unable to connect via wireless, which is selective access to the Internet rather than equal access.

As well, the HCPLC may intend to go to a login system for wireless access. The login system would also be a violation of the Constitution of the United States of America. Anonymous speech is clearly protected by the Constitution of the United States of America and when forced to login the patron loses their anonymity.

This is also a problem for those who are not residents but merely passing through our fair city. When one visits a library one should expect to be greeted not examined.

This plan is a violation of the Civil Rights of the residents of Hillsborough County in several ways:

This library equipment, the computers, the broadband access and the very chairs and carpet of the library system up to and including the buildings and the librarians themselves exist due to the hard work of and taxes paid by the residents of Hillsborough County. Therefore, any time this equipment is available a citizen or visitor should be able to access it.

The HCPLC states in the Tampa Tribune and to patrons conversationally that it has to 'fire' library-pages for lack of funds. Instead, all of these PART TIME PAGES have been RE-hired as FULLTIME LIBRARY AIDES.

Therefore, the new hours, which the library has posted, which were purportedly necessary due to the fact that the library was 'losing library pages (personnel)' also have no basis in reality. Obviously the library is NOT losing personnel but RE-hiring them. Therefore, again, the taxpayer is footing the bill for MORE library personnel but getting less service.

Succinctly, the disappearing library services are only hurting the TAXPAYER. The HCPLC has **added** to the full-time library staff (while claiming they are firing people) and have instead created more full-time county positions at taxpayer expense while the public is losing vital and expected library practices.

The HCPLC even disabled the courtesy phones for children and teens and others who rely on this free phone to call for rides home or for residents to use as emergency phones. Meantime, the above creation of full-time positions has adequate funding.

**A child can't make a phone call for a ride. A disabled person may not phone for a taxi.**
The public should not be footing this bill for more employees while losing service for themselves, the disabled and children.

A phone extension is approximately six dollars extra per month. If every branch has a courtesy phone which they DO NOT this is no more than a 72.00 a month saving at best; but, at what cost to the community?

SURELY the additional five cents per photocopy that the HCPLC recently implemented more than makes up for any loss of funds so that children could still be allowed to call for a ride home in the dark. Also, this money from copying and printing machines now goes directly to the library fund, which must be more profitable for the library than the lease arrangement with IKON was.

As well, this mean-spirited plan is an intentional swipe at the homeless and less prosperous people of Hillsborough County.

Some HCPLC librarians, including Joe Stines (phone verification only) proudly maintain

their membership in the American Library Association, yet are currently in the process of bypassing or ignoring the guidelines set forth by the ALA.

The ALA strongly encourages all libraries to adopt, publicize, and implement a written Internet use policy **in the same way they adopt other library use and access policies.** This policy should be **in keeping with your library's mission statement, other access policies and community needs.**

The problem created by this proposed action is that now the HCPLC will be in violation of the Constitution of the United States of America AND they are no longer fulfilling their stated purpose to provide:

FROM THE T-HCPLS WebSite:

Tampa-Hillsborough County Public Library System
Mission Statement
Tampa-Hillsborough County Public Library System (THPL) promotes lifelong learning, an informed citizenry, individual intellectual freedom, enhanced quality of life and broadened horizons for all residents of Hillsborough County.

THPL maintains a network of neighborhood libraries with open access, a community focus, responsive service hours, welcoming environments, broad and relevant materials in a variety of formats and highly qualified employees.
http://www.thpl.org/thpl/admin/mission.html

While these goals lack the brilliance of the lofty goals of other librarians across our land, (examples to follow) it is clear that the HCPLC intends to fail in even this simple mission.

Today it was observed a brand-new sign on one of the branches that the Tampa Police would be escorting some from the branches.

From various other libraries as compared to the Hillsborough County goals --- This is what our County looks like in comparison to others:

PURPOSE STATEMENT

FROM: http://www.acpl.lib.in.us/afw/purpose.html

**We hold these to be among the self-evident truths:**

**That the right to access to the means of public communication is intrinsic to the First Amendment to the Constitution of the United States.**

**That freedom of expression is a right retained by each individual when powers are assigned to the government; it is not a right granted by the government to the individual and thus subject to be taken away again by that government.**

That, as basic as is this freedom, it can never exist except in the presence of a concomitant duty, equally self-evident and intrinsic. Each person, by the very act of self-expression takes upon himself the responsibility for the consequences of that act of expression.

**This is why we exist. These are the precepts, which underlie our Operating Rules and Regulations.**
http://www.acpl.lib.in.us/afw/purpose.html

**Another:**
Our mission is to become the best public library in the world by being so tuned in to the people we serve and so supportive of each other's efforts that we are able to provide highly responsive service. We strive to inform, enrich and empower every person in our community by creating and promoting easy access to a vast array of ideas and information, and by supporting an informed citizenry, lifelong learning and love of reading. We acquire organize and provide books and other relevant materials; ensure access to information sources throughout the nation and around the world; serve our public with expert and caring assistance; and reach out to all members of our community.

Aims
We intend to provide:

- Services that are understood and valued by the community and result in library use and involvement from the broadest possible spectrum of residents.
- A caring, welcoming and lively cultural and lifelong learning center for the community.
- Outstanding reference, readers' advisory and borrower services that are barrier free for users of all ages, regardless of ethnic background, educational level, economic status or physical condition.
- Collections of enduring value and contemporary interest that are relevant to user needs and readily accessible from every service point.
- A highly trained and competent staff that reflects the rich diversity of our community and that works together to provide responsive service to all users.
- Appropriate technology to extend, expand and enhance services in every neighborhood and ensure that all users have equitable access to information.
- Facilities that are inviting, safe and well maintained and that are available during hours of greatest convenience to users and equitably distributed throughout the City.

- Careful stewardship of the public trust, which ensures accountability and makes the most efficient and effective use of funds, both public and private; fosters collaboration, cooperation and co-location where possible with other agencies; and builds public/private partnerships to enhance services to our users.

Organizational Values
Service to our users is our reason for being. Those who need us most should be our highest priority.

- All employees, volunteers and friends of the Library are valued as human beings and for their important contributions to our service.
- We are a learning organization that is open, collegial, and risk-taking; we nurture our talents and each other and constantly reassess our services and methods to adapt to the changing needs of our community.
- We support and defend intellectual freedom and the confidentiality of borrowers' and inquirers' use of the Library.
- All Library services are provided in a nonpartisan and non-judgmental manner that is sensitive to and supportive of human differences.
- Both staff and patrons are encouraged **to laugh often and out loud.**
- http://www.spl.org/default.asp?pageID=about_mission

Plaintiff avers that these goals are exemplary and Hillsborough County and the HCPLC would do well to govern themsleves accordingly and not cut corners on chilldrens' safety and advocate mean-spirited attempts to exclude the 'certain segment' of society as the current 'new rules' will do..

Without an injunction against these proposed rules the HCPLC directly violates the First Amendment of the Constitution of the United States of America in several ways. AND, they are going to get by with a mean-spirited swipe at the burgeoning homeless population of Tampa FL.

Those who cannot afford a computer at home and who live a distance from their public university or college will have an even greater chance of failing with no adequate computer access.  As well, it is outright abuse of taxpayer funding to mislead the public and Rehire fired employees while maintaining "illusory" cuts that are in the public eye.

This mean action (if allowed) won't create an outcry --- just the opposite.  The effect of this type of action limiting a person's access to information comes quietly.  The person without a voice who is unable to complete their work pr research – their complaints will fall on deaf ears.  If you've ever lost money in the library copy machines you understand

this succinctly. The librarians simply don't have anyone to turn to who cares. They are bound by silence. And, frankly, some of them simply do not care.

Is Hillsborough County a participant in the land of opportunity in this America? OR, will we allow our public libraries to be directed and influenced by corporate interests thereby catering to those in Tampa who would bar free and anonymous speech and who would deny educational, financial and familial pursuits for those ill equipped financially?

Will Hillsborough County be a supporter of the Constitution of the United States of America by firmly upholding and revering the First Amendment and free speech and anonymous speech as protected by the Constitution of the United States of America?

The answers to these questions will largely allow the rest of the country to view Hillsborough County and evaluate what type of community stifles educational pursuits.

**Free access to information is FUNDAMENTAL to a Democratic society.**

Observations at the local library (ies), which go hand-in-hand with these proposed changes in just the few days that Plaintiff (s) have typed this complaint, are very troubling.

To wit:

   a. A sign has been posted indicating that the Tampa Police will be asked to remove unwanted people from the premises. This is fastened temporarily not permanently as one sees at a drug-hole.
   b. Librarians have approached children inquiring as to their status and why they are at the library
   c. Observed meeting of many librarians at the Jan Kaminis Platt Library wherein there was a 'leader' advising the librarians how to react in confrontational situations. This leads one to believe that confrontations are expected, but why?
   d. Seemingly vindictive disallowing of connections to the Internet by some certain patrons. (wireless and public)
   e. Observed police officers in the Downtown branch passing behind patrons and advising them of what they could and could not read online.
   f. Observed said police officers adding these 'offenders' names to a list in case of repeat 'offense'.

The above behavior is very troubling and selective in nature. Any time behavior such as this is observed it should be rooted out as there is no place for this in a democratic society. This behavior is top-down and the origins can be found in the administration of the HCPLC and this city and this county.

It's easy to see from a technical standpoint that once the library limits a person to a set amount of time per day they will then manage to disallow that person to actually use that time. (as observed)

> There goes a student's ability to complete a term paper, a family's application for help will not be able to be completed, an afternoon cannot be whiled away reading when you are diagnosed with a disease there will be no time to research same.

This chilling effect on education is inadequately expressed in few words but the effects would be far-reaching.

The Library should participate in local, regional, and state networks of cooperation to expand the resources available to the community beyond any limitations imposed by budget or space constraints and to make the most efficient use of the budget dollar.

**The public library shall challenge the individual to the continuing self-education so essential to responsible informed citizenry in a democracy, and as members of the larger family of man. The public library shall also provide materials in varied formats to meet the individual's need for instructional and self-help materials to supplement the programs of formal educational institutions.**

The public library services shall be that of collecting, locating, and disseminating information, guiding reading, and stimulating discussion and thought through the sponsorship of discussion groups and programs and through cooperation with other groups in the community

**Free access to information is FUNDAMENTAL to a Democratic society.**

**Plaintiff Demands a Trial by Jury**

 Plaintiff asks the Honorable Court to enter an injunction against this plan by Joe Stines and the Hillsborough County Public Library Cooperative in this matter. Plaintiff asks the court to specifically strike down the Internet usage policy and the 'strict enforcement' of identification policy. Plaintiff asks for time to prove that the library is not fixing anything that's broken but instead attempting to oust certain members of society from the library.

Plaintiff hereby asks for Attorney's Fees and any type of help or relief deemed proper by the Court in this important public matter.

Plaintiff pleads with the Court to appoint a pro-bono attorney or law student to assist in and prosecute this case for the good of **all citizens** of Hillsborough County and in defense of the Constitutional rights of each citizen of Hillsborough County and our visitors.

Plaintiff asserts that filing an amended complaint may be necessary due to the forced rush in filing this complaint.

Plaintiff(s) respectfully ask the Honorable Court for relief in this matter and reiterates that an injunction is the only way to keep the public library (HCPLC) fairly serving the taxpayers of this county.

Respectfully Submitted this 26th day of September, 2007 by Laura Thacker, 8422 N Arden Ave, Tampa FL 33604, pro se, thus far and representing anonymous users and other patrons of the HCPLC.

Certificate of Service: A copy of this was provided by first-class mail to: HCPLC and HCLB, 900 N. Ashley Dr. Tampa FL 33602 this 26th day of September, 2007.


Laura Thacker
8422 N Arden Av
Tampa FL 33673